No. 1919.—F. BOISDORE v. GEORGE and ROBERT MALCOLM.

The mortgage granted by article 3282 of the Civil Code in favor of the tutor on the property of
his ward for advances made, has effect against third parties only from the date of inscrip-
tion. Tacit mortgages exist only in favor of those persons included in the exceptions
established by law, and no exception is made in favor of tutors. The mortgages granted in
their favor must, to have effect, be recorded.

The rank of mortgages, which are required to be recorded to give them validity, must be
determined by the date of inscription.

APPEAL from Second District Court, parish of Orleans. *Thomas*, J.
*L. Charvet* and *E. Bermudez* and *S. & J. L. Belden*, for plaintiffs
and appellees. *L. Castera* and *C. Hunt*, for defendants and appellants.

HOWELL, J. This is a controversy between mortgage creditors, in
which the only question pressed on our consideration by the plaintiff
and appellant is as to the necessity of inscribing the legal mortgage
granted in article 3282 of the Code in favor of tutors on the property of
minors, as a security for the advances which they may have made, and
which is therein declared to be *like* the mortgage in favor of the minors.
He contends that, because the mortgage of tutors is in letter and spirit
a like mortgage with that granted in favor of minors under said article,
it must be preferred over subsequent conventional mortgages exactly
in the same manner as the mortgage of minors, without being inscribed;
that because declared to be like in kind by said article, it is like also
in its operations, effects, advantages and privileges, and that the pro-
vision of the law which dispenses the minor's mortgage from inscrip-
tion embraces also the tutor's mortgage.

To this proposition we can not assent. Article 3297 declares that
"among creditors, the mortgage, whether conventional, legal or
judicial, has force only from the time of recording it in the manner
hereinafter directed, except in the cases mentioned below."

Article 3298 says: "A mortgage exists without being recorded, in
favor of minors, interdicted and absent persons, on the property of
their tutors, curators, and others, over whose property the law grants
them a tacit mortgage, either general or special.

"The mortgage of the wife on the property of the husband for her
dotal rights, does also exist without being recorded."

This latter clause has been construed to apply also to the wife's
paraphernal rights, which, it has been thought, was judicial legisla-
tion, but which may possibly be warranted by the language of the
second clause of article 3333. The reason upon which the exception
established by this article rests, is that the persons thus protected are
unable to act in their own behalf. This reason does not exist in the
case of tutors who act for themselves. The exception is in favor of
the persons and not the rights protected. This distinction is apparent
in all the legislation on the subject. In the chapter on inscription,
article 3317 declares that "all mortgages, whether conventional, legal
or judicial are required to be recorded in the manner hereafter pro-

vided," and article 3333, in the same chapter, directing the reinscription, exempts the mortgages in favor of the wife, for her *dower and other claims*, and in favor of minors, interdicted and absent persons.

And so in the act of 1843, directing how inscriptions shall be erased, this distinction is maintained In none of the provisos, exceptions or exemptions in the law is the mortgage of the tutor embraced. *Expressio unius est exclusio alterius.*

The law seems to be positive that among creditors mortgages will have effect only from the date of inscription, except mortgages in favor of wives, minors, interdicted and absent persons.

Judgment affirmed.